UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LEO ALECK, PEARL CHARLEY, JOANNE TAHMALWASH, and the Heirs of EDDY (EDDIE) ALECK,
Plaintiffs,

v.

CV 04-277 AS

O R D E R

THE UNITED STATES OF AMERICA, acting by and through the BONNEVILLE POWER ADMINISTRATION, and STEVE WRIGHT, Administrator of the Bonneville Power Administration,
Defendants.

HAGGERTY, Chief Judge:

On August 29, 2005, Magistrate Judge Ashmanskas referred a Findings and Recommendation (# 59) to this court recommending that defendants' Motion to Dismiss (# 26) should be GRANTED. Plaintiffs filed timely objections to this Findings and Recommendation.

When a party objects to any portion of the Magistrate's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach. Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

The court need not perform a *de novo* review of those portions of the Findings and Recommendation to which no objections are filed. *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985); *see also* Advisory Comm. Notes to Fed. R. Civ. P. 72(b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept" the Magistrate Judge's recommendation) (citing *Campbell v. United States Dist. Ct.*, 501 F.2d 196, 206 (9th Cir. 1974)).

In performing its review, this court may accept, reject, or modify, in whole or in part, the Findings and Recommendation, opt to receive further evidence, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). This court also has the discretion to decline to consider arguments presented for the first time in a party's objections to a Magistrate Judge's Findings and Recommendation. *See Jones v. Blanas*, 393 F.3d 918, 935 (9th Cir. 2004); *United States v. Howell*, 231 F.3d 615, 621-22 (9th Cir. 2000). The court must acknowledge that such discretion has been exercised in this regard, especially when declining to address a new argument first raised in the objections. *Howell*, 231 F.3d at 621-22.

It is no abuse of discretion for a court to refuse to consider a new argument raised for the first time in objections to a Findings and Recommendation in a case in which the objecting party is represented by counsel and this counsel has failed to adequately explain the untimely presentation of the new argument. *Id*. at 623.

\\\

**ANALYSIS**

Detailed accounts of the facts alleged in this matter are set forth in the Findings and Recommendation filed on June 21, 2005, and need not be recounted fully here. In 1907 the United States government allotted an 80-acre parcel of land known as Vancouver Allotment No. 162 (Allotment) to a person known as Minnie, a member of the Klickitat tribe. In 1953 defendant Bonneville Power Administration (BPA), a federal power marketing agency, acquired an easement over Allotment No. 162 from Edna Welch Alex, the sole heir of Minnie. The easement provided that the owner consented "to the granting of an electric transmission line and access road right-of-way thereover, as contemplated by the application of the Bonneville Power Administration," for the consideration of $170. The transmission easement was approved for a period of fifty years, commencing May 6, 1953.

Plaintiffs are members of the Yakama Nation who now own the Allotment. This case arose when the BPA was alleged to have been trespassing on the Allotment by installing, operating, and maintaining facilities on the property that failed to conform to the terms of the 1953 agreement, and/or which remain after the expiration of the agreement. Specifically, plaintiffs filed suit alleging that the BPA installed facilities on the Allotment in 1953 in violation of terms of the right of way agreement, and has since maintained the facilities in derogation of plaintiffs' rights. Plaintiffs' Complaint further alleges that the width of the right of way established in the 1953 right of way agreement exceeded statutory authority, the road that accesses the transmission facilities deviates from the right of way, and all BPA facilities on the Allotment now are in trespass because the 1953 right of way agreement has expired. Plaintiffs seek money damages, a declaratory judgment that BPA was and is trespassing on their property, and an order requiring BPA to cease all future trespasses.

Defendants moved to dismiss plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6). In the underlying Findings and Recommendation Magistrate Judge Ashmanskas examined the multiple federal statutes upon which plaintiffs relied in asserting their bases for jurisdiction, and concluded that the motion to dismiss should be granted.

Plaintiffs' subsequent Objections target two issues: (1) the conclusion within the Findings and Recommendation that there was no waiver of sovereign immunity by BPA because BPA had not engaged in "agency action" as defined under § 702 of the Administrative Procedures Act (APA), 5 U.S.C. § 702; and (2) the possibility that federal jurisdiction might exist if this case were filed in accordance with the requirements of the Federal Tort Claims Act. *See* Pls. Objections at 2-3.

As noted above, this court need not perform a *de novo* review of those portions of the Findings and Recommendation to which no objections are filed. Accordingly, this court has confirmed that there is no clear error on the face of the record regarding the other, unopposed aspects of the Findings and Recommendation and accepts those recommendations. *Campbell*, 501 F.2d at 206.

Plaintiffs' Objections first examine the Findings and Recommendation's rejection of their position that their claims for declaratory and injunctive relief should be allowed under § 702 of the APA. Section 702 provides that "a person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." This provision is construed as providing a waiver of sovereign immunity. "Agency actions" are defined as "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 551(13).

///

The Findings and Recommendation concluded that "[t]he acts that plaintiffs complain about, the construction of transmission lines, the expiration of an easement, and the activities to renew the easement, are not agency actions that would invoke application of the APA." Findings and Recommendation at 8.

Plaintiffs object to this recommendation, arguing that BPA's "conscious policy decision to apply for and obtain a 500 foot right of way notwithstanding the cited statutory limitations" was an illegal agency action. Pls. Objections at 4. Plaintiffs also assert that the construction, operation and maintenance of a second transmission line on the property constitutes illegal agency action in violation of the agreement. *Id*. Similarly, plaintiffs classify the alleged trespass of the service road outside of the agreed-upon right of way, and the failure to renew the 1953 right of way when it expired in 2003 or to remove their facilities, as both meeting the definition of agency action. *Id*.

The United States Supreme Court recently addressed when the APA authorizes a lawsuit. *See Norton v. S. Utah Wilderness Alliance*, 124 S. Ct. 2373 (2004) (*SUWA*). After noting that § 702 requires an agency action, the Court explained the meaning of "agency action" as follows:

> The definition of [agency action] begins with a list of five categories of decisions made or outcomes implemented by an agency – "agency rule, order, license, sanction [or] relief." § 551(13). All of those categories involve circumscribed, discrete agency actions, as their definitions make clear: "an agency statement of . . . future effect designed to implement, interpret, or prescribe law or policy" (rule); "a final disposition . . . in a matter other than rule making" (order); a "permit . . . or other form of permission" (license); a "prohibition . . . or taking [of] other compulsory or restrictive action" (sanction); or a "grant of money, assistance, license, authority," etc., or "recognition of a claim, right, immunity," etc., or "taking of other action on the application or petition of, and beneficial to, a person" (relief). §§ 551(4), (6), (8), (10), (11).
>
> The terms following those five categories of agency action are not defined in the APA: "or the equivalent or denial thereof, or failure to act." § 551(13). But an "equivalent . . . thereof" must also be discrete (or it would

> not be equivalent), and a "denial thereof" must be the denial of a discrete listed action (and perhaps denial of a discrete equivalent).

*SUWA*, 124 S. Ct. at 2378-79.

The overt conduct plaintiffs rely upon as agency actions – obtaining the right of way in 1953, constructing and maintaining transmission lines, and constructing and maintaining the access road – fail to fall within the scope of the definitions of any of the five categories of agency action (rule, order, license, sanction or relief) recognized in *SUWA*. Specifically, the complained-of conduct lacked a statement of future effect designed to implement, interpret, or prescribe law or policy (rule); did not represent any agency final disposition in matters other than rule making (order); was not manifested in a permit or other form of permission (license); did not prohibit or take compulsory or restrictive action (sanction); and did not constitute a beneficial grant of assistance or recognition of a claim to a person (relief). *Id*. at 2378 (citations omitted). Accordingly, the conduct plaintiffs rely upon fails to fall within the APA's definition of "agency action" and therefore cannot support an argument for judicial review under the APA.

Plaintiffs' argument that BPA's failure to act after the 1953 agreement expired should constitute agency action is similarly unavailing. "[T]he only agency action that can be compelled under the APA is action legally required. This limitation appears in § 706(1)'s authorization for courts to 'compel agency action unlawfully withheld.'" *SUWA*, 124 S. Ct. at 2379. Plaintiffs do not identify any relevant action that BPA was required – but failed – to take.

Moreover, where review is sought under the general review provisions of the APA, not only must there be agency action, but it must also constitute final agency action. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 882 (1990). Plaintiffs contend that "BPA's application for the right of way and its acceptance according to its explicit terms constituted the affirmative, final disposition of the matter of the

agency's acquisition of a right of way across plaintiffs' allotment. Consequently by accepting the right of way agreement BPA engaged in the issuance of an 'order,' thereby effecting final 'agency action.'" Pls. Objections at 4.

The Supreme Court has held that, generally, two conditions must be satisfied for an agency action to be final: first, the action must mark the "consummation" of the agency's decision-making process, and not be merely tentative or interlocutory; and second, the action must be one by which "rights or obligations have been determined," or from which "legal consequences will flow[.]" *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997) (citations omitted). The second prong is considered met if the action alters the legal regime to which the action agency is subject. *Id.* at 178.

Even assuming without deciding that the conduct complained of by plaintiffs constituted agency action, this court concludes that such actions could not be construed as final agency actions. The BPA's negotiations and interpretations of the 1953 right of way agreement did not alter the legal regime to which the BPA was subject.

For these reasons, this court overrules plaintiffs' first objection and adopts the Findings and Recommendation's conclusion that the doctrine of sovereign immunity compels dismissal of this suit.

Plaintiffs' remaining objection asserts that instead of concluding that plaintiffs' requested monetary relief could not be granted because plaintiffs had failed to specify a "sum certain" when they demanded compensation from BPA for alleged trespasses, the Findings and Recommendation should have instead determined that jurisdiction was proper under the Tucker Act, 28 U.S.C. § 1491, or the Indian Tucker Act, 28 U.S.C. § 1505. In other words, plaintiffs do not contest that this court lacks jurisdiction over their claims for monetary damages, but object to the recommendation that those claims should be dismissed rather than transferred to the United States Court of Federal Claims pursuant to 28 U.S.C. § 1631. Plaintiffs' Objections propose transferring the monetary damages portion of the case to

the Court of Federal Claims while this court retained jurisdiction over the claims for equitable remedies, and specifically request a transfer of plaintiffs' claims for monetary damages to the Court of Federal Claims for further proceedings consistent with their Complaint.

This court notes that plaintiffs never requested that Magistrate Judge Ashmanskas make or recommend such a transfer. As noted above, this court has the discretion to decline to consider arguments presented for the first time in a party's objections to a Magistrate Judge's Findings and Recommendation. *See Blanas*, 393 F.3d at 935. The court also notes that plaintiffs are represented by counsel and have failed to provide cause for their failure to present their request for transfer to the Magistrate Judge.

Rather than addressing this new argument, first raised in the Objections, this court concludes that the fairest resolution of plaintiffs' request is remand this aspect of the Findings and Recommendation to Magistrate Judge Ashmanskas for further consideration. This court exercises its discretion in this manner because of the Magistrate Judge's familiarity with this litigation, and because plaintiffs would then be given an opportunity to comply fully with our court's Local Rules regarding the presentation of motions and the requirement to confer with opposing counsel. *See* L.R. 7.1(a) and (b). Moreover, defendants would be afforded a fair opportunity to address and respond to plaintiffs' desire for such a transfer.

\\\

\\\

\\\

\\\

\\\

\\\

**CONCLUSION**

For the reasons provided, Magistrate Judge Ashmanskas's Findings and Recommendation (# 59) that recommends that defendants' Motion to Dismiss (# 26) should be granted is ADOPTED IN PART AND REMANDED IN PART. Defendants' Motion to Dismiss is granted as detailed above; plaintiffs' request that their monetary damages claims be transferred to the United States Court of Federal Claims is remanded to Magistrate Judge Ashmanskas for consideration.

IT IS SO ORDERED.

Dated this 21 day of October, 2005.

/s/Ancer L.Haggerty

Ancer L. Haggerty
United States District Judge