UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LEO ALECK, PEARL CHARLEY,
JOANNE TAHMALWASH, and the
Heirs of EDDY (EDDIE) ALECK,
       Plaintiffs,

                                Civil No. 04-277-AS

v.

                                O R D E R

THE UNITED STATES OF AMERICA,
acting by and through the BONNEVILLE
POWER ADMINISTRATION, and STEVE
WRIGHT, Administrator of the Bonneville
Power Administration,
       Defendants.

HAGGERTY, Chief Judge:

       Magistrate Judge Ashmanskas has referred a Findings and Recommendation [86] to this court recommending that plaintiffs' Motion for Transfer to the Court of Federal Claims [73] should be granted

1       - ORDER

as to plaintiffs' second claim and denied as to their first, third and fourth claims, and this case should be dismissed. Both parties have filed timely objections to this Findings and Recommendation.

When a party objects to any portion of the Magistrate's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach. Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The court need not perform a *de novo* review of those portions of the Findings and Recommendation to which no objections are filed. *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985); *see also* Advisory Comm. Notes to Fed. R. Civ. P. 72(b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept" the Magistrate Judge's recommendation) (citing *Campbell v. United States Dist. Ct.*, 501 F.2d 196, 206 (9th Cir. 1974)).

In performing its review, this court may accept, reject, or modify, in whole or in part, the Findings and Recommendation, opt to receive further evidence, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## ANALYSIS

Detailed accounts of the facts alleged in this matter are set forth in the earlier Findings and Recommendation filed on June 21, 2005. These facts need be reviewed only briefly, and only where relevant, here.

At the outset, this court notes that plaintiffs do not object to the dismissal of their third claim. As noted above, this court need not perform a *de novo* review of those portions of the Findings and Recommendation to which no objections are filed. Accordingly, this court has confirmed that there is no clear error on the face of the record regarding the third claim's dismissal and adopts the conclusion of the Findings and Recommendation as it pertains to that dismissal. *Campbell*, 501 F.2d at 206.

Plaintiffs do assert objections to the Findings and Recommendation's conclusion that Claims One and Four should be dismissed. This court has given this conclusion a *de novo* review and have carefully considered plaintiffs' objections. The court adopts the Findings and Recommendation's reasoning that Claims One and Four, involving trespass, are "clearly time-barred and should be dismissed." Findings and Recommendation at 8.

Plaintiffs object, contending that these claims could be construed under a "continuing tort" theory and should therefore avoid statute of limitations concerns. Pls. Obj. at 4-7. This argument is rejected. The continuing trespass theory is inapplicable under the facts presented. The intrusions complained of are permanent and non-abatable, and therefore cannot be construed as a continuing trespass. *See Fradkin v. Northshore Utility Dist.*, 977 P.2d 1265, 1270 (Wash. App. 1999).

The court also notes that defendants present limited objections. Defendants do not oppose the dismissal of Claims One, Three and Four and the transfer of Claim Two to the United States Court of Federal Claims. However, defendants wish to clarify the grounds for such a transfer and to preserve certain objections to how Claim Two should be ultimately construed. This court concurs that the transfer shall be made without any further interpretation of the possible merits of the surviving claim. Issues such as whether Claim Two should be construed as a takings claim or a contractual claim are left to the Court of Federal Claims to resolve. Defendants' opportunities to assert defenses or arguments regarding Claim Two are unhindered by the nature of this transfer. Accoridngly, defendants' Objections are denied as moot.

**CONCLUSION**

For the reasons provided, Magistrate Judge Ashmanskas's Findings and Recommendation [86] recommending that plaintiffs' Motion for Transfer to the Court of Federal Claims [73] should be granted as to plaintiffs' second claim and denied as to their first, third and fourth claims, and this case should be

3         - ORDER

dismissed, is GRANTED.  Plaintiffs' Objections [87] and defendants' Objections [88] are denied.

Plaintiffs' Claim Two shall be transferred to the United States Court of Federal Claims.

IT IS SO ORDERED.

Dated this   22   day of September, 2006.


   /s/ Ancer L.Haggerty
Ancer L. Haggerty
United States District Judge